NO. 11-6044

IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff/Appellee,

v.                                                    *Reply Brief filed Digitally*

ALICIA DANIELLE FREERKSEN,

      Defendant/Appellant.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

THE HONORABLE DAVID L. RUSSELL
DISTRICT JUDGE
CR-10-188-R

APPELLANT'S REPLY BRIEF
ORAL ARGUMENT IS REQUESTED

TERESA BROWN
ASSISTANT FEDERAL PUBLIC DEFENDER
215 DEAN A. MCGEE AVENUE, SUITE 109
OKLAHOMA CITY, OKLAHOMA 73102
Telephone: (405) 609-5930   Facsimile: (405) 609-5932
ATTORNEY FOR DEFENDANT/APPELLANT
ALICIA DANIELLE FREERKSEN

## TABLE OF CONTENTS

### STATEMENT OF ISSUE TO WHICH REPLY IS DIRECTED AS PRESENTED IN BRIEF OF PLAINTIFF-APPELLEE

I.  The district court properly denied the defendant's motion to suppress. There was probable cause even when the omissions from the affidavit were included because the omissions were irrelevant to probable cause. The credibility of affiant Detective Morton was irrelevant to the finding of probable cause . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Appellant's Reply*

I.  THE DISTRICT COURT ERRED BY DENYING THE MOTION TO SUPPRESS AND A VIOLATION OF MRS. FREERKSEN'S FOURTH AMENDMENT RIGHTS. THE INTENTIONAL OMISSIONS AND FALSE STATEMENTS FROM THE PROBABLE CAUSE AFFIDAVIT HAD A CUMULATIVE AFFECT WHEN OMITTED WHICH NEGATED PROBABLE CAUSE. THE IMPEACHMENT OF AFFIANT DETECTIVE MORTON'S CREDIBILITY EVISCERATED PROBABLE CAUSE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CERTIFICATE OF MAILING AND ELECTRONIC SERVICE . . . . . . . . . . . . 9

CERTIFICATION OF DIGITAL SUBMISSIONS . . . . . . . . . . . . . . . . . . . . . . 9

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Aguilar v. Texas*,
378 U.S. 108, 114–115, 84 S.Ct. 1509, 1513–1514, 12 L.Ed.2d 723 (1964) . . . . . 1

*Franks v. Delaware*,
438 U.S. 154, 164-165 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Giordenello v. United States*,
357 U.S. 480, 485–486, 78 S.Ct. 1245, 1249–1250, 2 L.Ed.2d 1503 (1958) . . . 1,2

*Johnson v. United States*,
333 U.S. 10, 13–14, 68 S.Ct. 367, 368–369, 92 L.Ed. 436 (1948) . . . . . . . . . . . . 2

*Jones v. United States*,
362 U.S. 257, 270–271, 80 S.Ct. 725, 735–736, 4 L.Ed.2d 697 (1960) . . . . . . . . 2

*Nathanson v. United States*,
290 U.S. 41, 47, 54 S.Ct. 11, 13, 78 L.Ed. 159 (1933) . . . . . . . . . . . . . . . . . . . . 1

### FEDERAL STATUTES

Fed. R. App. P. Rule 32(a)(7)(C), I . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

STATEMENT OF ISSUE TO WHICH REPLY IS DIRECTED
AS PRESENTED IN BRIEF OF PLAINTIFF-APPELLEE

I. The district court properly denied the defendant's motion to suppress. There was probable cause even when the omissions from the affidavit were included because the omissions were irrelevant to probable cause. The credibility of affiant Detective Morton was irrelevant to the finding of probable cause.

*Appellant's Reply*

I. THE DISTRICT COURT ERRED BY DENYING THE MOTION TO SUPPRESS AND A VIOLATION OF MRS. FREERKSEN'S FOURTH AMENDMENT RIGHTS. THE INTENTIONAL OMISSIONS AND FALSE STATEMENTS FROM THE PROBABLE CAUSE AFFIDAVIT HAD A CUMULATIVE AFFECT WHEN OMITTED WHICH NEGATED PROBABLE CAUSE. THE IMPEACHMENT OF AFFIANT DETECTIVE MORTON'S CREDIBILITY EVISCERATED PROBABLE CAUSE.

The cornerstone of jurisprudence is truthfulness and when the Fourth Amendment to the United States Constitution demands a factual showing sufficient to comprise probable cause, the obvious assumption is that there will be a truthful showing. In *Franks v. Delaware*, 438 U.S. 154, 164-165 (1978) the United States Supreme Court stated, "This does not mean "truthful" in the sense that every fact recited in the warrant affidavit is necessarily correct, for probable cause may be founded upon hearsay and upon information received from informants, as well upon information within the affiant's own knowledge that sometimes must be garnered hastily. But surely accepted by the affiant as true. It is established law, see *Nathanson v. United States*, 290 U.S. 41, 47, 54 S.Ct. 11, 13, 78 L.Ed. 159 (1933); *Giordenello*

*v. United States*, 357 U.S. 480, 485–486, 78 S.Ct. 1245, 1249–1250, 2 L.Ed.2d 1503 (1958); *Aguilar v. Texas*, 378 U.S. 108, 114–115, 84 S.Ct. 1509, 1513–1514, 12 L.Ed.2d 723 (1964), that a warrant affidavit must set forth particular facts and circumstances underlying the existence of probable cause, so as to allow the magistrate to make an independent evaluation of the matter. If an informant's tip is the source of information, the affidavit must recite "some of the underlying circumstances from which the informant concluded" that relevant evidence might be discovered, and "some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, . . . was 'credible' or his information 'reliable.' " Id., at 114, 84 S.Ct., at 1514. Because it is the magistrate who must determine independently whether there is probable cause, *Johnson v. United States*, 333 U.S. 10, 13–14, 68 S.Ct. 367, 368–369, 92 L.Ed. 436 (1948); *Jones v. United States*, 362 U.S. 257, 270–271, 80 S.Ct. 725, 735–736, 4 L.Ed.2d 697 (1960), it would be an unthinkable imposition upon his authority if a warrant affidavit, revealed after the fact to contain a deliberately or reckless false statement, were to stand beyond impeachment." In this case, it was Detective Morton, not the magistrate who determined there was probable cause when he decided to omit that the three unknown males who raped C.L. were actually minors she estimated to be approximately 16 years old and that she knew one of the minors who raped her by his first name of Garrett.

*Tr. at 15-16.* The omission of these facts misled the magistrate in determining probable cause by their very nature. But when combined with other false statements to the magistrate, the overall effect on questioning whether there is probable cause becomes more pronounced.

Detective Morton admitted to falsely stating that C.L. told him the vibrator used on her was white and six inches long because C.L. never told him that. *Tr. at 17-18.* Moreover, the written statement by C.L. does not state the vibrator was white or six inches long. See Addendum attached to the Appellee Brief. Finally and most importantly, Detective Morton admitted to falsely stating that C.L. stated that Dean and Alicia both took photos of her using a blue camera because C.L. did not tell him anyone took photos of her. *Tr. at 18, 36-37, 49.* Detective Morton attempted to explain the false statement in the affidavit regarding the camera as follows:

> Q. No. 5, "CL stated that Dean and Alicia both took photos of her using a blue camera." That's also not correct?
>
> A. No, ma'am, it's not.
>
> Q. And why is that not correct?
>
> A. Because CL didn't state that; Tina McVeigh did.
>
> Q. And it's also not correct that it was on the 11th that she may have stated that to her mother?
>
> A. No, it's not on the 11th.

3

Q. It was that day, wasn't it?

A. What day?

Q. The 13th.

A. The day of the phone call?

Q. The day -- yes. The day you're trying --

A. Yes, ma'am.

Q. The day you're trying to get this search warrant.

A. I received a phone call that morning. I don't really recall what day it was. But she called me the next day. I believe it was either the 12th or the 13th. I really don't recall. It was, like, the next day after the interview or it could have been the day after. I don't remember the exact date and time that she called me that morning.

Q. Okay.

A. But I know -- I know it was after the interview.

Q. All right.

A. But she did not --

Q. If your police report shows that it was the 13th, the Monday --

A. Okay.

Q. -- the 13th of July --

A. Okay.

Q. -- when you got the call from Tina McVeigh saying

4

      XXXXX forgot to tell you –

A.    Okay.

Q.    -- there was a camera involved, would that be correct?

A.    Yes, ma'am.

Q.    And so whenever you were drafting up this search warrant, you didn't put in your search warrant that it was CL's mother who told you --

A.    No, ma'am, I did not.

Q.    -- that there was a camera used?

A.    No, ma'am, I did not.

Q.    And my point is, if this is the same day that you received the phone call from the mother?

A.    Yes, ma'am.

Q.    Is that correct?

A.    Yes, ma'am.

Q.    So it was on your mind?

A.    Yes, ma'am.

Q.    And there's no mention by Tina's (sic) mother as to any computer either, is there?

A.    No, ma'am.

Q.    And there's no mention by CL of any computer at --

A. No, ma'am.

Q. -- the house where she was molested; is that correct?

A. No, ma'am.

Q. Is there any reason why you would have not put this in this affidavit, you would have omitted this from the affidavit?

A. Yes, bad choice of words, I guess.

Q. I'm sorry?

THE COURT: What?

THE WITNESS: Bad choice of words, I guess. I just didn't word it right.

Again, it was Detective Morton, not the magistrate who determined there was probable cause when he decided to make false statements in the affidavit. Although Detective Morton testified on cross examination by the government that he did not intend to mislead the court by his omissions and false statements, he later testified on recross by Mr. Freerksen's attorney that any magistrate reading the affidavit would have been misled by the false statement into believing that ***CL had stated to Detective Morton*** that pictures were taken of her during the molestation using a blue camera. *Tr. at 48-50.* He also testified the statement he listed as number 5. in the affidavit regarding the camera was the only supporting fact in the search warrant affidavit for the search warrant that mentions anything about photographs, cameras, computer

6

equipment, photograph equipment and therefore was absolutely critical to establishing probable cause to seize cameras or computer equipment. *Tr. at 36-37*. He also omitted from the affidavit that C.L. said it was dark and she could not see what was happening to her while she was being abused.

The record supports the position that Detective Morton intentionally omitted facts and falsely reported facts on the affidavit. He did so intentionally and for his own reasons to get the search warrant on Dean Freerksen's house. According to Detective Morton's ex-wife, he knew Dean Freerksen from previous law enforcement contacts and wanted the search warrant, even to the point of telling lies. *Tr. at 53*. Detective Morton cut corners and he made false statements and he misled the magistrate. As quoted in Appellant's opening brief, Detective Morton had misled his superiors, the district attorney and the court to help his wife on a charge that she had broken into the Woodward Police Department to get methamphetamine because he had supplied it to her before out of the evidence room. Tr. at 44-47  He had lied before to his superiors, to the prosecutor and to court to get a result and his wife testified he would lie to get what he wanted and the evidence shows he wanted the warrant badly enough to mislead the Magistrate.

## CONCLUSION

For the reasons stated in the principal brief and this reply, Ms. Freerksen

respectfully requests this Court reverse her conviction and remand the case with an order directing the district court to suppress the evidence obtained as the result of an illegal detention, search and seizure.

        Respectfully submitted,

        *s/Teresa Brown*
        TERESA BROWN
        Assistant Federal Public Defender
        Suite 109, 215 Dean A. McGee Avenue
        Oklahoma City, Oklahoma 73102
        (405) 609-5930  FAX (405) 609-5932
        Attorneys for Defendant/Appellant
        ALICIA DANIELLE FREERKSEN

## CERTIFICATE OF COMPLIANCE

As required by FED. R. APP. P. Rule 32(a)(7)(C), I certify that this brief is proportionally spaced and contains 1,489 words.

☒    I relied on my word processor to obtain the count and it is: WordPerfect X5

I certify that the information on this form is true and correct to the best of my knowledge and belief formed after a reasonable inquiry.

        *s/Teresa Brown*
        Teresa Brown

<u>CERTIFICATE OF ELECTRONIC SERVICE</u>

This is to certify that on August 17, 2011, a copy of this pleading was served on Plaintiff-Appellee by e-mail to Jeb Boatman and Randy Sengel, Assistant United States Attorneys, counsel for plaintiff, 210 W. Park, Suite 400, Oklahoma City, Oklahoma 73102, at jeb.boatman@usdoj.gov and randy.sengel@usdoj.gov.

    *s/Teresa Brown*
    Teresa Brown


**CERTIFICATE OF DIGITAL SUBMISSION**

I certify no redactions are required pursuant to the requirements of the E-Government Act of 2002 and the Judicial Conference Policy on Privacy and Public Access to Electronic Case Files (March 2008). I certify this document is an exact copy of the written document filed with the Clerk. I certify this digital submission has been scanned for computer viruses with the most recent version of a commercial virus scanning program, that is: Symantec Antivirus 11.0.3001.2224, most recently updated August 17, 2011, and, according to the program, this document is free of computer viruses. I certify this document was converted to PDF format using WordPerfect x5.

    *s/Teresa Brown*
    Teresa Brown

9